**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caremark LLC, et al., <br><br> Plaintiffs, <br> vs. <br><br> Chickasaw Nation, et al., <br><br> Defendants. | No. CV-21-00574-PHX-SPL <br><br> **ORDER** |

Respondent Chickasaw Nation owns and operates several pharmacies. (Doc. 1 at ¶ 2). Petitioner Caremark LLC offers pharmacy benefit management services to insurers, third-party administrators, and employer sponsors of group health plans. (Doc. 1 at ¶ 8). Each of Chickasaw's pharmacies has a current contract with Caremark. (Doc. 1 at ¶ 22). These contracts contain arbitration agreements. (Doc. 1 at ¶ 33).

Respondents have sued Petitioners in federal district court in Oklahoma alleging they failed to pay their claims for prescription drugs submitted by Chickasaw's pharmacies in violation of the parties' provider agreements. (Doc. 1 at ¶ 34). Petitioners now seek to compel arbitration over the claims pursuant to an arbitration clause in the agreements. (Doc. 1).

Respondents first argue that this Court should transfer, stay, or dismiss this action pursuant to the first-to-file rule since a motion to compel arbitration is already pending in the Oklahoma action. (Doc. 13 at 20). Petitioners assert that the first-to-file rule is

inapplicable but, in any event, the arbitrator should apply the rule, not this Court. (Doc. 26 at 7). The Supreme Court has held that "courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration." *BG Group, PLC v. Republic of Argentina*, 134 S. Ct. 1198, 1207 (2014). Furthermore, some district courts have held that the "first-to-file rule is of the procedural variety" and thus "should be determined by the arbitrator as long as the arbitration agreement is valid and encompasses the issue at hand." *Kohn L. Grp., Inc. v. Jacobs*, No. LA-18-CV-0820-VAP, 2018 WL 6118550, at *2 (C.D. Cal. Aug. 7, 2018) (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)); *see also United States ex rel. Jacobs v. Bank of Am. Corp.*, No. 15-24585-CIV, 2018 WL 10150995, at *2 (S.D. Fla. Aug. 21, 2018) (finding that "an arbitrator must decide whether this dispute should be stayed under the first-to-file rule").

However, the rationale behind having the arbitrator decide procedural issues is that the arbitrator should generally "decide whether a *condition precedent to arbitrability* has been fulfilled." Revised Uniform Arbitration Act of 2000 (RUAA) § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp. 2002). The comments to the RUAA provide that "issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, *i.e.*, whether prerequisites such as time limits, notice, laches, estoppel, *and other conditions precedent to an obligation to arbitrate have been met*, are for the arbitrators to decide." *Id.*, § 6, comment 2, 7 U.L.A., at 13 (emphasis added).

The first-to-file rule, although technically procedural in nature, is not a condition precedent to arbitration such as time limits, notice, laches, and estoppel. Accordingly, this Court does not find that the arbitrator must decide the first-to-file issue in this case. Other district courts have similarly declined to defer the first-to-file issue to the arbitrator, instead considering the issue themselves before deciding arbitrability. *See, e.g.*, *Aguilera v. Matco Tools Corp.*, No. 3:19-CV-01576-AJB-AHG, 2020 WL 1188142, at *6 (S.D. Cal. Mar. 12, 2020); *Am. Reliable Ins. Co. v. Arrington*, 269 F. Supp. 2d 758, 761 (S.D. Miss. 2003);

*Pryor v. Overseas Admin. Servs., Ltd.*, No. C 10-1930 VRW, 2011 WL 13268258, at *6 (N.D. Cal. Feb. 2, 2011); *Black Rock Coffee Bar, LLC v. BR Coffee*, LLC, No. 3:20-CV-976-SI, 2020 WL 4728877, at *3 (D. Or. Aug. 14, 2020) ("Before the Court addresses the merits of Black Rock's petition to compel arbitration, the Court must first decide whether the dispute over whether arbitration is required properly belongs in this court or in the earlier-filed California state lawsuit."). This Court will therefore consider the first-to-file issue here.

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted). Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito–Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012). However, "[t]he most basic aspect of the first-to-file rule is that it is discretionary," and a court may decide not to apply it based on "reasons of equity." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

Here, even if the foregoing three elements are met, the Court finds that it would be inequitable to apply the first-to-file rule in this case and defer the issue of arbitration to the Oklahoma district court. The arbitration agreement here states that the parties agree to submit to arbitration in the Scottsdale, Arizona. (Doc. 1 at ¶ 2). The majority of courts, including the Tenth Circuit in which Oklahoma is located, hold that "where the parties have agreed to arbitrate in a particular forum, *only* a district court in that forum has the authority to compel arbitration under § 4 of the [Federal Arbitration Act]." *Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co.*, 628 F. Supp. 2d 674, 683 (E.D. Va. 2009) (emphasis

added) (citing, *e.g.*, *Ansari v. Qwest Communs. Corp.*, 414 F.3d 1214, 1220–21 (10th Cir. 2005)). Thus, if this Court were to apply the first-to-file rule and defer to the Oklahoma court on the arbitration issue, and the Oklahoma court were to find that the claims in this case were subject to arbitration, the Oklahoma court could not enforce the agreement and compel arbitration. This Court therefore declines to apply the first-to-file rule and defer the arbitrability issue to the Oklahoma court in this case.

The Court now turns to the issue of arbitrability. Respondents assert that the Federal Arbitration Act ("FAA") requires that the Court, rather than the arbitrator, decide whether the claims at issue are arbitrable. (Doc. 20 at 17). However, Petitioners argue that the language of the parties' arbitration agreement "clearly provides that the arbitrator, not a court, is to resolve disputes over the arbitrator's authority, including whether the dispute is subject to arbitration in the first place." (Doc. 13 at 21-22). This Court agrees.

"The answer to the narrow question whether the arbitrators or the courts have the primary power to decide whether the parties agreed to arbitrate a dispute's merits is fairly simple." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 938 (1995). "Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon whether the parties agreed to submit that question to arbitration." *Id.* (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 938 (1995)); *see also PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1191 (9th Cir. 2004) ("Arbitrability is ordinarily for courts, not arbitrators, to decide *unless the parties agree otherwise*.") (emphasis added). "[W]here the matter in dispute is not whether a particular grievance falls within the scope of an arbitration agreement, but rather who—court or arbitrator—is empowered to decide arbitrability, the presumption is . . . in favor of judicial, rather than arbitral, resolution." *Loc. Joint Exec. Bd. v. Mirage Casino-Hotel, Inc.*, 911 F.3d 588, 596 (9th Cir. 2018) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Thus, the court "should not assume that the parties agreed to arbitrate arbitrability unless there is clear and

unmistakable evidence that they did so." *First Options*, 514 U.S. at 944. Such "[c]lear and unmistakable 'evidence' of agreement to arbitrate arbitrability might include . . . an express agreement to do so." *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 130 S. Ct. 2772, 2783 (2010). (Stevens, J., dissenting) (citing *First Options*, 514 U.S. at 946).

Here, the arbitration agreement states in pertinent part:

> The arbitrator(s) shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of the agreement to arbitrate, including but not limited to, any claim that all or part of the agreement to arbitrate is void or voidable for any reason.

(Doc. 13 at 6). This Court finds this language to be clear and unmistakable: The parties clearly agreed that the arbitrator(s), not the court, would decide the threshold issue of arbitrability. *See, e.g.*, *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) (finding that the parties to an arbitration agreement "clearly and unmistakable agreed to arbitrate the question of arbitrability" where the agreement stated that "the validity or application of any of the provisions of" the arbitration agreement "shall be resolved exclusively by binding arbitration"). This court will not usurp that authority. The arbitrator must decide whether the claims in this case are subject to arbitration, not this Court.

In *Rent–A–Center*, the Supreme Court reaffirmed the principal that courts must enforce the parties' "agreement to arbitrate threshold issues" regarding the arbitrability of their dispute, and may do so by staying federal litigation under section 3 of the FAA or compelling arbitration under section 4. 561 U.S. 63 (2010). Because the only relief sought in this case is the arbitration itself, the Court will not stay the action but will instead compel arbitration and terminate this action.

**IT IS THEREFORE ORDERED** that Petitioners' Petition for Order to Compel Arbitration (Doc. 1) is **granted**.

///

///

5

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment in favor of Petitioners and terminate this action accordingly.

Dated this 2nd day of July, 2021.

_____
Honorable Steven P. Logan
United States District Judge